IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Markel American Insurance Company, | ) | C/A No.: 3:09-1631-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Piggie Park Enterprises, Inc. dba Piggie Park Drive-In Restaurants, Maurice Bessinger, Jackson W. Padgett, Tammy D. Bagley, Anthony E. Attaway, and Elizabeth Wyatt, | ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the court on the following two motions: (1) defendant Jackson W. Padgett's motion to dismiss or in the alternative to sever or for separate trials [dkt. # 45], and (2) defendant Anthony E. Attaway's motion to compel discovery from Padgett [dkt. # 51]. On February 4, 2010, the court heard oral argument and took the matter under advisement. This order serves to announce and memorialize the court's ruling on the pending motions. For the reasons stated herein, Padgett's motion to dismiss is granted, and Attaway's motion to compel is deemed moot.

I.      Factual and Procedural Background

According to the complaint, on March 24, 2008, defendant Jackson Padgett was driving a 1997 Ford Pickup Truck (the "Truck") when it was struck by a motorcycle driven by defendant Anthony Attaway, causing debris to strike defendant Elizabeth Wyatt's vehicle. Defendant Tammy D. Bagley was a passenger in Padgett's Truck at the time of the accident.

Plaintiff Markel American Insurance Company ("Markel") issued a policy covering several vehicles, including the Truck, used by Piggie Park and its employees in the conduct of Piggie Park's business. The Truck was owned by defendant Maurice Bessinger, the officer/shareholder of Piggie Park.

Padgett worked for Piggie Park and had allegedly entered into an agreement with Bessinger to purchase the Truck for $3000 via biweekly payroll deductions through Piggie Park. On the day of the accident, Padgett's payroll was allegedly deducted for the final time, which Markel argues made Padgett the sole owner of the truck. Padgett had not transferred SCDMV title to or obtained insurance on the Truck when he was involved in the accident.

Markel filed this declaratory judgment action to determine whether its insurance policy provided coverage for the Truck. Attaway subsequently answered the complaint, filed crossclaims against Piggie Park, Padgett, and Attaway, and filed a counterclaim against Markel. Padgett now moves to dismiss Attaway's crossclaim, or in the alternative to sever for separate trials, arguing that because the crossclaims in this case do not arise out of the same transaction or occurrence as the declaratory judgment action, the court lacks jurisdiction to hear the claims. For the reasons that follow, the court grants the motion to dismiss.

II. Discussion

Under Fed. R. Civ. P. 13(g), a crossclaim is only permissible under the if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim. Padgett argues that the issues of fact and law in the declaratory judgment

action and the tort crossclaim are not largely the same, and the evidence to support or refute the complaint and crossclaim will not be substantially the same. Specifically, Padgett claims that the declaratory judgment action deals with a factual determination as to whether Padgett had completed the purchase of the Truck from Piggie Park at the time of this collision and whether he was informed that insurance on the truck maintained by Piggie Park would be cancelled upon completion of the installment sales transaction. On the other hand the tort crossclaim involves the determination as to which of the three drivers, if any, was negligent in causing the collision and a determination of damages for any injuries sustained.

The court agrees with the analysis in Am. Fidelity Fire Ins. Co. v. Hood, 37 F.R.D. 17 (D.S.C. 1965):

> It is the rationale of the decisions of the United States Supreme Court that a federal court in cases in which jurisdiction is based upon diversity of citizenship enforces state law and state policy. * * * *It is also the rationale of such decisions that provisions of the Federal Rules of Civil Procedure must in such cases give way to such law and policy. Further, it is the rule that if a party could not have maintained a certain action in the local state court he cannot maintain such action in federal court in an action in which jurisdiction is based upon diversity of citizenship. * * * To permit the * * * injured persons in the present case to proceed as they have attempted to do, upon the ground that the Federal Rules of Civil Procedure permit them to do so, would be to permit such parties by means of such Rules to contravene state policy and state law. It seems clear that the United States Supreme Court would not permit that to be done.

Id., citing Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214, 223 (N.D.Iowa 1952).

In this case, Markel seeks a determination as to whether it is liable on the policy for the Truck, which judgment does not affect the various defendants' claims among themselves.

As the Hood court noted, an insurance company's initiation of a declaratory judgment action in federal court should not result in a waiver of the "no action" clause in its contract which prohibits joining the company as a co-defendant in any action against the insured to determine the insured's liability. Hood at 22, quoting Globe Indemnity Co. v. Teixeria, 230 F.Supp. 444 (D.Hawaii 1963). "Undoubtedly the reason for such provisions in such insurance policies is to keep the jury trying the accident case from knowing that the defendant is insured, it being assumed, whether correctly or incorrectly, that larger amount of damages would be awarded if it were known that they were to be paid by an insurance company." Teixeria at 448.

Likewise, the court concurs in the reasoning of Hood and Teixeria with respect to the cross-claim issue:

> The subject matter of the original action in this case is the liability or non-liability of plaintiff on the insurance policy. The cross-claims are for damages resulting from the accident alleged. Thus, the claims in the cross-claims did not arise out of the transaction or occurrence that is the subject matter of the original action. The claims in the cross-claims did, however, arise out of the transaction or occurrence that is the subject matter of the counterclaims filed herein. There being no claims or allegations of diversity of citizenship or other independent ground of jurisdiction of this Court over the cross-claims, the only basis on which they may be maintained in this Court is that they arose out of the transaction or occurrence that is the subject matter of the counterclaims.
>
> 'The Court has held, supra, that the counterclaims cannot be brought. The counterclaims no longer being in the case, the cross-claims, jurisdiction over which is based on their arising out of the transaction or occurrence that is the subject matter of the counterclaims, cannot be maintained, the Court no longer having jurisdiction over them. This Court is of the opinion that, although the general rule is that jurisdiction, once having attached, will not be divested by subsequent events, that rule should not apply in this case.

Hood at 22.

Having determined that the liability issue should be litigated independently of the insurance coverage issue, the court finds no basis to allow the cross-claims to remain, as there is no diversity of citizenship. See Teixeira and Hoosier, supra.

For the reasons given, Padgett's motion to dismiss [dkt. # 45] is granted. Having dismissed the crossclaims among the defendants, Attaway's motion to compel discovery from Padgett is rendered moot [dkt. # 51]. To the extent that Markel has named the defendants in the insurance coverage dispute, they remain as such. The underlying tort claims over liability, however, are dismissed, without prejudice to refile in state court.

IT IS SO ORDERED.

February 5, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge