IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Markel American Insurance Company, | ) | C/A No.: 3:09-1631-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Piggie Park Enterprises, Inc. dba Piggie Park Drive-In Restaurants, Maurice Bessinger, Jackson W. Padgett, Tammy D. Bagley, Anthony E. Attaway, and Elizabeth Wyatt, | ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a declaratory judgment action concerning whether an insurance policy provides coverage for a car accident involving an employee of Piggie Park. The plaintiff (Markel American Insurance Company) contends that coverage does not apply because the named insured (Piggie Park) did not own the truck involved in the accident and did not notify Markel that the truck had been sold to one of Piggie Park's employees, Jackson Padgett.

This matter is before the court on the plaintiff's motion for summary judgment (ECF No. 73). Piggie Park and Maurice Bessinger filed a memo in support of the motion (ECF No. 74), contending, as well, that the policy does not provide coverage because legal title passed to Padgett prior to the accident. In the alternative, Piggie Park and Bessinger argue that if Padgett was not the owner at the time of the accident, then Padgett is entitled to coverage under the permissive driver provisions of the policy.

Anthony Attaway, the motorcycle driver involved in the accident, opposes the motion

(ECF No. 76), arguing that there is a genuine issue of material fact concerning who owned the truck at the time of the accident and that coverage exists under the statutory definition of "insured."

## I. Factual and Procedural Background

On March 24, 2008, Jackson Padgett was driving a 1997 Ford pickup truck that was struck by a motorcycle driven by Anthony Attaway, causing debris to strike Elizabeth Wyatt's vehicle. Tammy D. Bagley was a passenger in Padgett's truck at the time of the accident.

Padgett worked for Piggie Park as a route driver, and had entered into an agreement with Maurice Bessinger on June 18, 2007, to purchase the truck for $3000 through biweekly payroll deductions. Padgett purchased the truck for personal use. Piggie Park began deducting $150 per pay period from Padgett's wages and applied the funds toward the agreed-upon purchase price of $3000, but Padgett did not immediately take possession of the truck. Later, on November 1, 2007, Padgett took possession of the truck and signed a written agreement promising to pay $200 each pay period, which included a $50 increase to cover the cost of insurance.

On the day of the accident, Padgett made the final payment on the truck. All total, Padgett paid $3000 for the truck and $450 for insurance. Padgett testified that upon receiving his paycheck on March 24, 2008, he was presented with a certificate of title for the truck, which had been signed over to him by Bessinger earlier that day. Padgett left work in the truck that afternoon intending to go to the bank to cash his paycheck and then to go by

an insurance agent to inquire about insurance, and then to the DMV to have the title transferred into his name. It was when he was making this trip that the accident occurred.

Markel American Insurance Company issued a policy covering several vehicles, including the truck, used by Piggie Park and its employees in the conduct of Piggie Park's business. Markel filed this declaratory judgment action to determine whether the policy provided coverage for the accident in the instant case. Attaway, the motorcycle driver, asserted a crossclaim against Padgett and Wyatt alleging negligence; a crossclaim against Piggie Park alleging respondeat superior; and a counterclaim against Markel seeking a declaratory judgment of coverage. Padgett moved to dismiss the crossclaims, arguing that they did not arise out of the same transaction or occurrence as the declaratory judgment action. By order dated February 5, 2010, the court granted the motion to dismiss the crossclaims and the counterclaim remained.

Attaway subsequently filed a motion to amend the answer to assert a crossclaim against Piggie Park seeking a declaratory judgment that Piggie Park is Padgett's liability insurer and is obligated to defend, indemnify, and hold Padgett harmless from any liability that Padgett may have to Attaway as a result of the accident (ECF No. 67). The court granted the motion on April 8, 2010 (ECF No. 68).

## II. Law and Analysis

Markel American Insurance Company contends that the insurance policy does not provide coverage because Padgett was the owner of the truck at the time of the accident. Markel also argues that the policy does not provide coverage because Markel did not know

that the truck was being sold to Padgett.

In an automobile insurance coverage dispute, the question of ownership is a question of fact. *Unisun Ins. Co. v. First S. Ins. Co.*, 462 S.E.2d 260, 262 (S.C. 1995). "The determination depends on the specific facts and circumstances of the case in question." *Pennell v. Foster*, 524 S.E.2d 630, 633 (S.C. Ct. App. 1999). The true owner of a vehicle may be someone other than the titled owner. For example, the true owner of a vehicle may be the person who considers himself to be the owner, who made the down payment and subsequent monthly payments, who paid for the insurance, and who was the sole driver of the automobile. *Tollison v. Reaves*, 289 S.E.2d 163, 165 (S.C. 1982). Accordingly, "[a] certificate of title constitutes prima facie evidence of vehicle ownership for purposes of insurance coverage, but can be rebutted by evidence showing that someone other than the titleholder was the real owner." *Unisun*, 462 S.E.2d at 262. Similarly, the definitions provided in Title 56 concerning vehicle licensing and registration provide strong persuasive authority as to ownership but are not determinative. *Id.*

In the case at hand, Bessinger agreed to sell the truck to Padgett on June 18, 2007. Padgett began paying for the truck through $150 deductions from his paycheck. In November 2007, he received possession of the truck and was the sole and exclusive driver of it. He signed a written agreement indicating that he was taking possession of the vehicle and that he would begin paying $200 per pay period to cover the cost of the truck and the insurance. Padgett testified that he drove the truck for personal use only and did not use it to make deliveries on behalf of Piggie Park. On the day of the accident, Padgett had finished

4

paying for the truck and had received an executed copy of the title. Because an agreement had been reached and Padgett had begun paying for and driving the truck, the court finds that Padgett was the owner of the truck at the time of the accident.

Attaway contends, however, that Padgett's testimony and conduct create genuine issues of material fact for trial. To begin, Padgett gave the police officers at the scene of the accident registration and insurance information showing that Piggie Park was the owner of the vehicle. In addition, Padgett testified that he thought that the vehicle was insured on the day of the crash. Padgett also testified that he understood that the truck would become his when he redeemed the certificate of title at the DMV. Moreover, when Padgett submitted the application for certification of title and registration to the DMV a month after the crash, he listed Markel as the insurer.

This evidence does not create genuine issues of material fact for trial. The parties' intent is undisputed. Bessinger agreed to sell the truck and Padgett agreed to buy it. Neither the paperwork that Padgett gave to the police officers at the scene of the accident nor Padgett's understanding of what the legal effect was of redeeming the certificate of title at the DMV creates a genuine issue for trial. Padgett was the sole and exclusive driver of the truck. He kept it at his home and did not need permission to drive it. The fact that he told the DMV that Markel was the insurer or testified that he thought the vehicle was insured on the day of the accident does not speak to the ownership of the vehicle.

In addition to arguing that there is a genuine issue of material fact concerning ownership, Attaway contends that coverage exists because the statutory definition of

5

"insured" conflicts with the definition of "insured" in the policy, and as a result, the statutory definition controls. *See Pennell v. Foster*, 524 S.E.2d 630 (S.C. Ct. App. 1999) ("The terms of the policy govern the scope of coverage, unless in conflict with statutory requirements."). The court disagrees.

> South Carolina statutory law defines "insured" as:
>
> the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, express or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

S.C. Code Ann. § 38-77-30(7) (2002).

> The policy defines insured as:
>
> a. You for any covered "auto".
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>    1. . . .
>    2. Your employee if the covered "auto" is owned by that employee or a member of his or her household.

Policy § II(A)(1)(2) (emphasis added).

The court concludes that these provisions are not in conflict. The policy is more specific than the statute and addresses a circumstance that is not addressed by the statute, including when an employer is the named insured and the car is owned by an employee or a member of his or her household. Even if the policy and statute were in conflict, the statute does not provide for coverage. Padgett did not use the vehicle by consent or as a guest. He used the vehicle because Bessinger agreed to sell it to him and because he (Padgett) was the

6

owner.

## III. Conclusion

Because Padgett was the owner of the vehicle at the time of the accident, the court grants Markel's motion for summary judgment (ECF No. 73) and declares that the policy does not provide coverage for the accident. Judgment is therefore entered in favor Markel American Insurance Company on all claims, including the counterclaim asserted by Anthony Attaway. The court further finds that because Padgett was the owner of the truck at the time of the accident and was driving the truck for personal use, Piggie Park is not his liability insurer and is not obligated to defend, indemnify, and hold Padgett harmless from any liability that Padgett may have to Attaway as a result of the accident. Accordingly, judgment is entered in favor of Piggie Park as to the crossclaim asserted by Attaway (ECF No. 70).

IT IS SO ORDERED.

July 27, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge