IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Markel American Insurance Company, ) | C/A No.: 3:09-1631-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Piggie Park Enterprises, Inc. dba Piggie ) | **ORDER** |
| Park Drive-In Restaurants, Maurice ) | |
| Bessinger, Jackson W. Padgett, Tammy ) | |
| D. Bagley, Anthony E. Attaway, and ) | |
| Elizabeth Wyatt, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendant and Cross-Claimant Anthony Attaway's "motion to alter or amend judgment."

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, __U.S.__, 128 S. Ct. 2605, n.5 (2008) (internal citation

omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court — the motion is basically an attempt to reargue issues already fully briefed and decided by this Court. The Court understands that Defendant and Cross-Claimant Anthony Attaway may disagree with this Court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to alter or amend the judgment is denied.

IT IS SO ORDERED.

August 18, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge